# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| TINA M. BROWN | : | |
| 2275 North Cable Road, Apt. 149 | | |
| Lima, Ohio 45807-1763 | : | |
| Plaintiff, | : | CASE NO. |
| v. | : | JUDGE |
| HCF OF SHAWNEE, INC. | : | MAGISTRATE JUDGE |
| c/o 350 Corporate Circle, Inc. | | |
| 30100 Chagrin Boulevard | : | |
| 350 Corporate Circle | | |
| Cleveland, Ohio 44124 | : | |
| Defendant. | : | |

## COMPLAINT
**(with Jury Demand)**

NOW COMES Plaintiff Tina M. Brown hereby proffers this Complaint for damages against Defendant HCF of Shawnee, Inc.

## THE PARTIES

1. Plaintiff is a natural person residing in Allen County, Ohio.

2. Defendant is an Ohio corporation with a facility in Allen County, Ohio.

## JURISDICTION AND VENUE

3. Counts I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331.

4. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendant has a facility in Allen County, Ohio, at which all of the events in question took place.

## **FACTUAL BACKGROUND**

5. Plaintiff was employed by Defendant from September of 2003, until her discharge on or about March 28, 2005.

6. In March of 2006, Plaintiff's father was suffering from severe spinal stenosis, a serious health condition that required constant care from family members, including Plaintiff.

7. Plaintiff took numerous days off to care for her father from July of 2004 through the end of her employment.

8. Plaintiff's supervisors often expressed their distaste for her taking time off to care for her father, and complained that she needed to be at work.

9. Plaintiff took time off to care for her father on March 21, 2006, and March 24, 2006.

10. Plaintiff gave notice of the need for each absence, and the reason for each absence, as soon as she knew of that need.

11. Plaintiff was not originally scheduled to work on March 23, 2006, and through information and belief the schedule was changed some time after she worked her shift on March 20, 2006.

12. Plaintiff was caring for her father on March 23, 2006.

13. Plaintiff was unaware that she was allegedly scheduled to work on March 23, 2006, and therefore did not call off of work.

14. Defendant had knowledge of the seriousness of Plaintiff's father's condition at all relevant times, had approved on intermittent Family Medical Leave Act ("FMLA") leave for Plaintiff for the care of her father, and was given as much notice as Plaintiff could practicably give for each and every absence list.

15. Plaintiff was assessed points in Defendant's no fault attendance system for the March 23, 2006 absence, which was allegedly the fourth (4th) absence point under Defendant's no fault attendance regimen.

16. On or about March 28, 2006, Plaintiff was discharged for exceeding the allowable number of points under Defendant's no fault attendance system.

17. Defendant employed at least 50 persons at its facility at all times during the years 2004 and/or 2005.

18. Plaintiff had worked at least 1,250 hours in the 12 months preceding any and all FMLA absences taken to care for father.

## COUNT I
## VIOLATION OF FAMILY AND MEDICAL LEAVE ACT ("FMLA")
## 29 U.S.C. §2601 et seq.

19. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-18 above as if fully rewritten here.

20. Plaintiff's absences discussed in ¶¶7 and 9 above were to care for her father who had a "serious health condition" as that is defined under the Family Medical Leave Act ("FMLA").

21. Defendant violated the FMLA by using Plaintiff's FMLA-protected leave time as a negative factor leading, at least in part, to Plaintiff being discharged, and/or discriminated against Plaintiff and discharged her pretextually because of her use of FMLA leave time.

22. Defendant lacked good faith and/or reasonable grounds to believe that it had not violated the FMLA in its discharge of Plaintiff.

23. Defendant's violations of the FMLA entitle Plaintiff, pursuant to 29 U.S.C. §2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and

attorneys fees and costs of bringing this litigation, in a amount to be determined at trial, but in any event not less than $250,000.00.

**WHEREFORE**, Plaintiff demands,

for Count I, monetary damages including back pay and benefits, statutory liquidated damages, and attorneys fees and costs, as well as reinstatement or front pay, whichever is appropriate, in an amount to be determined at trial, but in any event not less than $250,000.00.

## JURY DEMAND

Plaintiff demands that a jury decide all of the above claims.

Respectfully Submitted,

s/ Gary A. Reeve
Gary A. Reeve (0064872)
Trial Attorney for Plaintiff
Kennedy Reeve & Knoll
98 Hamilton Park
Columbus, Ohio 43203
(614) 228-2050

Co-Counsel:
Laren E. Knoll (0070594)
Nicholas E. Kennedy (0070310)
Kennedy Reeve & Knoll
98 Hamilton Park
Columbus, Ohio 43203
(614) 228-2050