## UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TINA M. BROWN, | : |
|       Plaintiff, | : |
| v. | : CASE NO. 3:07-CV-818 |
| HCF OF SHAWNEE, INC., | : CHIEF JUDGE JAMES G. CARR |
|       Defendants. | : *"Document Electronically Filed"* |

### REPLY BRIEF OF DEFENDANT HCF OF SHAWNEE, INC. IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

FLASTER/GREENBERG P.C.

Dated: May 30, 2008     By: */s/ Michael D. Homans*
Michael D. Homans (MH8447)
michael.homans@flastergreenberg.com
Adam E. Gersh (AG6858)
adam.gersh@flastergreenberg.com
Eight Penn Center, 15th Floor
1628 John F. Kennedy Boulevard
Philadelphia, PA 19103
Phone: (215) 279-9393
Fax: (215) 279-9394
*Counsel for Defendant HCF of Shawnee, Inc.*

## REPLY BRIEF OF DEFENDANT HCF OF SHAWNEE, INC. IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

In response to Defendant HCF of Shawnee, Inc.'s motion for summary judgment, Plaintiff abandons her claim that HCF discriminated against her for taking Family and Medical Leave Act ("FMLA") leave[1] and instead asserts an untimely FMLA "entitlement" claim, i.e, that she was denied benefits due under the FMLA. Summary judgment should be granted (1) on Plaintiff's FMLA discrimination claim, because she has abandoned it and cannot dispute the facts and law set forth in HCF's motion; and (2) on her new FMLA "entitlement" claim because it is untimely and she cannot establish the essential element of notice.

Plaintiff has consistently prosecuted this litigation as an FMLA "discrimination" claim, not an entitlement claim. In her Complaint, her initial filing for unemployment compensation benefits, and her testimony she repeatedly cast her claim as one of "discrimination" or "retaliation" against her because she had taken FMLA leave. She never asserted she was bringing an "entitlement" claim or that HCF had somehow interfered with her right to take FMLA leave. It therefore would be unfair and unduly prejudicial to allow her to change theories now, when the evidence shows she cannot prevail on a "discrimination" claim.

Moreover, plaintiff's belated "entitlement" claim fails because she admittedly never gave HCF notice that she needed to take FMLA-related leave on March 23, 2005 – the day for which she was disciplined for failing to report to work or call in and report her absence. Plaintiff had a duty under the law and – admittedly – under the policy and practice of HCF to know her schedule and call in if she was not going to work a scheduled shift. Yet she failed to do so. As a result, her FMLA "entitlement" claim fails.

---

[1] Plaintiff does not dispute that HCF had a legitimate basis for terminating her and fails to respond to HCF's argument that she cannot meet the elements of a discrimination claim.

## ARGUMENT

I. **Plaintiff Cannot Assert an FMLA Entitlement Claim Because She Failed To Do So In Her Pleading and Because It Is Untimely.**

Plaintiff is simply wrong when she argues that HCF is "accessing inappropriate legal precepts" by asking the Court to employ a burden-shifting test based upon <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). (Plaintiff's opposition brief at p. 7.) The FMLA provides for two distinct types of claims: (1) the "entitlement" or "interference" theory arising from 29 U.S.C. § 2615(a)(1); and (2) the "retaliation" or "discrimination" theory arising from 29 U.S.C. § 2615(a)(2). <u>Killian v. Yorozu Auto. Tenn., Inc.</u>, 454 F.3d 549, 555 (6th Cir. 2006) (quoting <u>Hoge v. Honda of Am. Mfg., Inc.</u>, 384 F.3d 238, 244 (6th Cir.2004));[2] see also <u>Wysong v. Dow Chem. Co.</u>, 503 F.3d 441 (6th Cir. 2007) (setting forth the elements of an entitlement claim under the FMLA). "Retaliation" or "discrimination" claims, as set forth in HCF's primary memorandum of law, require an analysis of issues of intent, discrimination and pretext. (Defendant's Memorandum of Law at PP. 14-15, 17-22), and therefore HCF's citation to such law and evidence was entirely appropriate.

In her pleadings, discovery and testimony in this case, Plaintiff repeatedly confirmed that she was claiming FMLA "discrimination," not an "interference" or "entitlement" claim.

To initiate this action, Plaintiff filed a Complaint that makes no reference to "entitlement" or "interference," or any denial of FMLA benefits. Rather, the Complaint explicitly asserts that Plaintiff was the victim of "discriminat[ion]" based upon her use of FMLA leave, and that HCF used her "FMLA-protected leave time as a negative factor" leading to her termination. (Complaint at ¶ 21). Plaintiff confirmed in her deposition that she claims she was "discriminated

---

[2] As set forth more fully in HCF's initial motion papers, the McDonnell Douglas burden-shifting test is the proper analysis for retaliation claims arising from 29 U.S.C. § 2615(a)(2). See <u>Edgar v. JAC Products, Inc.</u>, 443 F.3d 501 (6th Cir. 2006); <u>Skrjanc v. Great Lakes Power Serv. Co.</u>, 272 F.3d 309, 313-16 (6th Cir. 2001).

2

against or retaliated against" by HCF, in violation of the FMLA. (Tina Brown Tr. at 89:8-11, Ex. 1.) Furthermore, immediately after her termination, Plaintiff admits that she reported to the Unemployment Commission that, "I was terminated because they were not happy that I used FMLA." (Ex. 3 to HCF's Motion for Summary Judgment ("MSJ") at 67:16-17.) Thus, at three separate times – in her Complaint, in her testimony and in her Unemployment Commission filing – she consistently affirmed that she was alleging discrimination under the FMLA. In contrast, she never once asserted a claim of "entitlement," "interference" or denial of benefits. As such, she should be precluded from suddenly claiming she was not making a "discrimination" claim, and switch horses to a new "entitlement" or "interference" theory.

Under similar circumstances, the Sixth Circuit affirmed a trial court's decision to preclude an employee from changing her FMLA theory at the summary judgment stage in Sosby v. Miller Brewing Co., 211 Fed.Appx. 382 (6th Cir. 2006). In Sosby, the employee pled an FMLA entitlement claim only; however, in response to her employer's motion for summary judgment, she attempted to argue an FMLA retaliation claim. Id. at 389. The Sixth Circuit held that the trial court did not abuse its discretion when it determined that "allowing [the employee] to amend her complaint to include a claim of FMLA retaliation at that late date would significantly prejudice [the employer], and declined to do so on that basis." Id.

In this case, Plaintiff did not even attempt to amend her Complaint to state an FMLA entitlement claim and should be precluded from doing so through a response brief. "At least one Sixth Circuit decision has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree." Duggins v. Steak 'N Shake, Inc., 195 F.3d 828,

3

833 (6th Cir. 1999) (citations omitted); see also Leary v. Daeschner, 349 F.3d 888, 908 (6th Cir. 2003) (affirming court's refusal to allow amendment of pleading to avoid summary judgment).[3]

Just as in Sosby, permitting Plaintiff to change her theory of recovery at the summary judgment stage from "discrimination" to "entitlement" would significantly, and unduly, prejudice HCF. HCF conducted extensive discovery and proceeded with this case, including preparing its pretext defense (as evidenced by the facts and arguments advanced in support of Section II of its motion papers). Throughout discovery, Plaintiff never objected that HCF was going into irrelevant areas of pretext, intent or treatment of comparators. Plaintiff also never asserted an FMLA entitlement claim (as evidenced by her Complaint and deposition testimony, as cited above), reasonably leading HCF to conclude she was pursuing a discrimination claim only. Thus, there is no justification for Plaintiff's last-minute attempt to change course, and Plaintiff should not be allowed to do so in light of the undue prejudice that HCF would suffer.

In sum, Defendant's unopposed motion for summary judgment as to Plaintiff's FMLA "discrimination" claim should be granted, and Plaintiff's belated effort to amend her Complaint through her response brief and proceed under a new "entitlement" theory should be denied.

## II. Plaintiff Cannot Show A Genuine Issue Of Material Fact That Would Allow Her To Succeed On An FMLA Entitlement Claim.

### A. Plaintiff Failed to Give Notice of Her Need for FMLA Leave on March 23rd.

Summary judgment also is warranted on Plaintiff's new "entitlement" theory because she failed to give HCF notice of her need to take FMLA leave on March 23, 2005.

---

[3] In Wysong, the Sixth Circuit held that the trial court erred when it refused to consider the entitlement claim a plaintiff proffered in opposition to summary judgment because it viewed the plaintiff's complaint as stating a retaliation claim only. Wysong, 503 F.3d at 447. However, the facts in Wysong are distinct from the facts of this case because the employee in Wysong merely pled an FMLA violation without specifying which of the two theories she was asserting. Unlike in Wysong, Plaintiff's Complaint and her deposition testimony conclusively show Plaintiff was proceeding with an FMLA "discrimination" claim.

4

A plaintiff advancing an FMLA entitlement claim must demonstrate that (1) she was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) she was entitled to leave under the FMLA; (4) she gave the employer notice of her intention to take leave; and (5) the employer denied her FMLA benefits to which she was entitled. Coker v. McFaul, 247 Fed.Appx. 609, 616-17 (6th Cir. 2007). Applying this test, Plaintiff acknowledges that she cannot satisfy the notice requirement. (Plaintiff's opposition brief at p. 10.)

Plaintiff attempts to avoid this element of her claim by urging the Court to use "common sense" and excuse her from giving notice because she allegedly did not know she was scheduled to work the shift in question. Plaintiff's argument is fatally flawed because, by failing to give notice to HCF, Plaintiff failed to even trigger FMLA protections. Morr v. Kamco Indus., Inc., ____ F.Supp.2d ____, 2008 WL 1775431 (N.D. Ohio April 15, 2008) (granting summary judgment in favor of employer on FMLA claims and finding that employer was within its rights to terminate employee for violation of absence policy because employee failed to give notice to employer that she was requesting an extension of her FMLA leave and failed to appear for work after the expiration of her initial leave).

Plaintiff argues that she did know she had to work the shift in question, and therefore should be excused from the requirement to provide notice. Unfortunately for her, the law recognizes a duty on employees to know their own work schedules. More to the point, the uncontroverted facts and Plaintiff's admissions establish that she had actual notice of her own schedule, that she also had a duty to check her own schedule, and that any failure on her part to keep up to date on her schedule does not excuse her from the requirements of the FMLA.

**B. The Law Recognizes A Duty On Employees To Know Their Schedules.**

First, it is well-established that employees have a duty to know their own work schedules and cannot avoid legitimate work rules by claiming ignorance of their schedule. See, e.g.,

5

Ryman v. Sears, Roebuck and Co., 505 F.3d 993 (9th Cir. 2007) (affirming summary judgment in favor of employer where employee failed to give notice of leave because he allegedly did not know he was on the work schedule); Gunter v. Magic Valley Reg. Med. Ctr., 137 P.3d 450 (Id. 2006) (affirming that employee's failure to work scheduled shift constituted employment-related misconduct where employee had a duty to ascertain whether she was on the schedule); Brown v. Radisson Hotel & Conf. Ctr.-Mpls., 1993 WL 139541 (Minn. Ct. App. May 04, 1993) (affirming denial of unemployment benefits due to employee's misconduct where employee was terminated for no call/no show and should have known she was scheduled to work). See also Brenneman v. MedCentral Health Sys., 366 F.3d 412, 424 (6th Cir. 2004) (affirming summary judgment on FMLA claims in favor of employer who terminated employee for violation of absence policy where employee failed to give notice that absence was allegedly FMLA-related).

Plaintiff, relying on wholly inapplicable case law, argues that HCF cannot impose a duty upon her to check her work schedule while she is on FMLA leave. Every case Plaintiff cites is inapposite, as they involved situations where employers asked employees to **perform work duties** while on leave; not, as here, to ascertain, during an intermittent leave, when they were scheduled to work. See Arban v. West Publ'g Corp., 345 F.3d 390, 402-03 (6th Cir. 2003) (salesman being required to call a customer while on leave constituted interference); Kesler v. Barris, Sott, Denn & Driker, PLLC, Case No. 04-40235, 2008 WL 1766667, *13 (E.D. Mich. April 17, 2008) ("employer requests that the employee perform work duties while on FMLA leave are sufficient to constitute an FMLA interference claim"); McConnell v. Swifty Transp., Inc., Case No. 2:04-cv-153, 2005 WL 1865386, *8 (S.D. Oh. July 29, 2005) (work-related questions during FMLA leave constituted requirement to perform work, and was interference).

6

HCF never asked Plaintiff to perform work-related duties during her FMLA leave, but merely required her to know when she was scheduled to work – something she had done throughout her two-year employment with HCF.[4] As such, Plaintiff cannot avoid summary judgment by claiming she had no duty to check her schedule for March 23, 2005.

### C. Plaintiff Agreed To "Watch The Floor Schedule" for Her Assignment.

The undisputed record establishes that Plaintiff took it upon herself to check the daily "floor schedule" to confirm whether she would have to work on March 23, 2005 – the day she voluntarily chose to "pick up" – but then never gave notice of the need for FMLA leave before not showing up for work. In particular, Plaintiff does not contest the documented evidence – in her own handwriting – that she volunteered to work on March 23rd and other dates in March of 2005. (MSJ Ex. 21; Brown Tr. at 151:17-152:7, Ex. 1.) Decisively, Plaintiff also admits that when she volunteered to work these dates, she committed to checking the floor schedule to confirm her assignment: "**I will watch floor schedule for my name** or you can let me know." (MSJ Ex. 21 (emphasis added); Brown Tr. at 152:18-23, Ext. 1.) Plaintiff also confirmed that a "floor schedule" is the daily schedule that comes out the morning of each day, or the day before, and that the floor schedule for March 23, 2005, stated that she was scheduled to work the third shift that day. (Brown Tr. at 155:21-156:6, MSJ Ex. 3; Ex. 2 [D-18].) Given this undisputed testimony and record, Plaintiff cannot now claim – as she does in her desperate affidavit[5] – that

---

[4] Further, in this case in particular, this is not an overly burdensome duty to impose upon Plaintiff who admits that she was not incapacitated or in an emergency situation that precluded her from checking her work schedule by phone.

[5] To the extent Plaintiff's affidavit is in conflict with her deposition testimony, it must be disregarded. "[A] party cannot create a factual issue by filing an affidavit after a motion for summary judgment has been made that contradicts his or her earlier testimony." Duncan v. Jackson, 243 Fed.Appx. 890, 895 (6th Cir. 2007); Reid v. Sears, Roebuck and Co., 790 F.2d 453, 460 (6th Cir. 1986) (affirming trial court's decision to grant summary judgment in favor of employer because affidavit of witness that may have otherwise created a factual issue was contradicted by witness's deposition testimony).

7

she had no duty to check the schedule to see if she was, indeed, scheduled to work the date she volunteered.

### D. HCF Imposes Duty on All Employees To Keep Up With Schedules.

HCF's established policies and procedures, imposed a reasonable duty on employees to keep up with their schedules. HCF's Personnel Guide expressly provides that each employee is responsible for being present at work for their scheduled shift. (HCF Personnel Guide at D0168, Ex. 3.) This Personnel Guide also provides, consistent with the FMLA, 29 C.F.R. § 825.309(a), that an employee who is on FMLA leave still has a duty maintain regular contact with his or her supervisor during a leave of absence and to return to work on his/her scheduled date of return. (Id. at D0171.) Plaintiff admitted that she knew she had a duty to "show up as scheduled," and report any absence at least two hours in advance, and that such policies were fair. (Brown Tr. at 75:21-76:8, 77:2-10, MSJ Ex. 3.) Accordingly, there can be no dispute that it was Plaintiff's duty to know her work schedule on March 23, 2005, as she volunteered to work March 23rd as a pick up shift and to check the schedule to confirm her assignment.

Plaintiff argues that in spite of her duty to know when she was scheduled to work, she should be excused because "HCF failed to follow its normal procedures." (Plaintiff's opposition brief at p. 10.) In support of her argument, Plaintiff claims that she did not know she was scheduled to work because she did not receive a telephone call asking her to work the pick up shift and that "for each and every pick up day [she] worked, [she] was called by someone at HCF in advance of the shift." (Plaintiff's affidavit at ¶ 8). Plaintiff's argument is directly contradicted two paragraphs later in her affidavit when she admits that she called HCF on March 22, 2005 to let them know she wouldn't be working that shift, which she also had volunteered to pick up. (Plaintiff's affidavit at ¶ 10). Plaintiff admits that she did not know whether she was scheduled to work, March 22, 2005, meaning that she had not bothered to check the schedule and not

8

received any telephone call asking her to work, but that she called out anyhow because she had agreed to pick up that day (as it turned out, she was not on the schedule for March 22, 2005). Plaintiff cannot credibly argue that the very next day the procedure changed and HCF had a duty to call her to confirm her pick-up day and schedule.

Plaintiff's claims are further undermined by her own deposition testimony in which she admitted, among other things that (1) "Sometimes" she would call HCF to see if she'd been scheduled for pick up shifts she'd agreed to work; (2) HCF maintains a master schedule which she could check to see when she was scheduled; and (3) she would "occasionally" consult the master schedule to see if she was scheduled to work. (Brown Tr. at 173:1-174:1, MSJ Ex. 3.) These admissions show that if Plaintiff did not know she was scheduled to work on March 23, 2005, it is because **she chose not to access the schedule, which was readily available to her --** and not through any fault of HCF. Thus, Plaintiff's claim that she did not know she was scheduled to work, even if true, cannot overcome the undisputed facts showing it was Plaintiff's duty to determine when she was scheduled to work and to appear at that time or call in advance to request FMLA leave, and that, on March 23, 2005, Plaintiff failed to do so.

E.    **Facts Show Plaintiff Knew She Was Scheduled To Work.**

Fourth, and finally, the incontestable facts here show that Plaintiff knew she was scheduled to work on March 23, 2005:

- Plaintiff sent a private text message to a co-worker, Pat Braun, asking her to tell HCF that she would not be coming in to work that night (Pat Braun Verification, Ex. 31 to HCF's MSJ; Unverferth Tr. 54:20-55:4, Ex. 17 to HCF's MSJ; Schwier Statement, Ex. 23 to HCF's MSJ; Lori Cecil Memo, Ex. 26 to HCF's MSJ);

- When asked about this text message to Braun, <u>Plaintiff did not deny it</u>, but, rather, responded, "I don't remember. I don't think so." (Brown Tr. at 160:19-23, Ex. 3 to HCF's MSJ);

- Plaintiff later told the Director of Nursing that "she had forgotten she had to work" on March 23rd – not that she was not scheduled to work, as she now claims

9

> (Cecil Tr. at 55:13-24, Ex. 18 to HCF's MSJ; Cecil Memo, Ex. 26 to HCF's MSJ); and
>
> - Plaintiff admittedly informed HCF in early March that she would work the March 23rd shift as "pick up" day (March schedule (D115), Ex. 21 to HCF's MSJ; Brown Tr. at 151-152, Ex. 1).

Given these facts, Plaintiff cannot now defeat summary judgment by claiming, through a contradictory affidavit, that she did not know she was scheduled to work

Under these circumstances, the uncontroverted evidence shows that Plaintiff knew she was scheduled to work on March 23rd, 2008 cannot be ignored, and, therefore, Plaintiff should not be excused for failing to give HCF notice of her alleged FMLA leave.

### III. Summary Judgment Also is Warranted Because Plaintiff Cannot Prevail on Any Damages Claim.

Plaintiff also opposes HCF's arguments as to damages on the basis that these arguments are not defenses to liability. HCF has not proffered its damages arguments as defenses to liability but, rather, seeks judgment limiting Plaintiff's damages claims due to Plaintiff's failure to mitigate her damages and her misrepresentations on her job application. Plaintiff does not offer substantive opposition to these applications and therefore summary judgment is warranted.

### CONCLUSION

For the foregoing reasons, HCF's motion for summary judgment should be granted and Plaintiff's claim should be dismissed in its entirety.

FLASTER/GREENBERG P.C.

Dated: May 30, 2008     By: /s/ Michael D. Homans
                          Michael D. Homans (MH8447)
                          michael.homans@flastergreenberg.com
                          Adam E. Gersh (AG6858)
                          adam.gersh@flastergreenberg.com
                          Counsel for Defendant HCF of Shawnee, Inc.