IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tina M. Brown,                                              Case No. 3:07-CV-818

        Plaintiff,

      v.                                                      ORDER

HCF of Shawnee, Inc.,

        Defendants.

This is a dispute over defendant's alleged violation of the Family Medical Leave Act [FMLA], 29 U.S.C. § 2601 *et seq*. Plaintiff, a former employee of defendant HCF of Shawnee, Inc. [HCF], claims that HCF violated the FMLA's retaliation provision when it terminated her employment.

Jurisdiction is proper under 28 U.S.C. § 1331 and § 1367. Pending is defendant's motion for summary judgment [Doc.18]. For the reasons stated below, the motion shall be granted.

**Background**

HCF employed Tina Brown from September, 2003, until March 28, 2005. HCF is a managed care facility providing care for disabled and elderly patients. Brown's job as a nursing assistant required her to care for up to twenty-three patients with Alzheimer's disease and assist patients with their everyday needs.

1

To ensure adequate staffing, HCF uses a points-based attendance and absenteeism policy to determine discipline for employees' attendance violations. As provided in HCF's Personnel Information Guide, proper notification of an absence requires an employee to personally report the absence "at least two (2) hours prior to the start of [her] scheduled work time" to her "immediate Supervisor, or in that person's absence, to the Charge Nurse on duty." [Doc. 18, Ex. 7 at D00189]. Additionally, "reporting an absence to another employee (non management/Supervisor) is not considered proper notification." [*Id.*].

Failure to report to work without prior notification (called "no call/no show") is a Class II Offense, for which an employee accumulates two disciplinary points. [*Id.* at D00191-92]. An employee who accumulates four points is terminated. According to defendant, attendance problems are the most common reason for terminating employees at HCF. Plaintiff was aware of her employer's attendance policies and does not object to them.

HCF has an FMLA policy which grants eligible employees the right to take family or medical leave. [*Id.* at D00171-72]. FMLA-qualifying absences were considered "excused absences" and not counted toward discipline. [*Id.* at D00189].

In September, 2004, Brown's supervisors granted her intermittent FMLA leave to care for her father. HCF regularly granted FMLA leave; at plaintiff's facility, HCF estimates six or seven employees were on FMLA leave at any given time. After an employee is granted intermittent FMLA leave, she is required to call her supervisor prior to her shift, state that she needs time off relating to her FMLA leave, and the leave is granted. Throughout plaintiff's employment, HCF granted her nineteen intermittent leave days. Brown admits that HCF granted her FMLA leave on every day that she properly requested it.

2

In February, 2005, HCF offered to change Brown's work schedule to accommodate her need to care for her father. Brown requested to pick up certain shifts, including March 4, 22, and 23, stating that she could work those dates.

On March 4, Brown reported for a pick up shift. She left the facility without clocking in and was assessed a Class II violation for "failure to report to work  .  .  .  without proper notification." [Doc. 18, Ex. 20]. In accordance with HCF's attendance policies, Brown was suspended for three days and assessed two points. The Employee Disciplinary Record provided written notice that if she accumulated four points within twelve months she could be terminated. Brown signed the record, and did comment in the employee remarks section.

After serving her suspension, Brown returned to her normal work schedule, which included shifts she requested to pick up. On March 21, Brown called HCF and reported she would not be working her shift in order to care for her father. On March 22, Brown, unsure if she was on the schedule or not, called in to report she would not be working due to FMLA leave.

On March 23, Brown was scheduled to work the third shift. Plaintiff alleges she had not been called and did not know she was scheduled for that night. She admits she did not call her supervisor to report her absence. However, earlier that evening plaintiff sent Pat Braun, a co-worker, a text message asking her to tell HCF management she would not be coming in that night. Brown knew that notifying a co-worker was not an acceptable way to report an absence. Brown does not dispute this but instead claims she does not remember sending the text message.  The next day, plaintiff told nurse Robin Biery that she thought she was not scheduled to work March 23. Later, in a conversation with Director of Nursing Lori Cecil, Brown said she had forgotten she was scheduled

to work. In any case, in these initial communications about her March 23 absence, plaintiff made no indication that her leave was FMLA related.

Brown was assessed another Class II violation for her March 23 no call/no show. As a result, she accumulated four points within a twelve-month period and was subject to termination. On March 28, HCF discharged plaintiff.

## Summary Judgment Standard

The Federal Rules of Civil Procedure state that summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The nonmoving party must then "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e).

Once the burden of production shifts, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. The nonmovant must  present evidentiary material in support of its position and show that there is more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**Discussion**

**1. The Family Medical Leave Act**

The FMLA entitles qualified employees working for covered employers to take temporary leave for medical reasons. 29 U.S.C. § 2612. It was enacted to provide job security and help employees "balance the conflicting demands of work and personal life." *Price v. City of Fort Wayne*, 117 F.3d 1022, 1024 (7th Cir. 1997); *see also* 29 U.S.C. § 2601(b). Congress enacted the law, in part, "to entitle employees to take reasonable leave . . . for the care of a child, spouse, or parent who has a serious health condition." 29 U.S.C. § 2601 (b)(2).

The Sixth Circuit has recognized "two distinct theories for recovery" under the Act: 1) entitlement or interference and 2) retaliation or discrimination. *Hogue v. Honda of America Mfg., Inc.*, 384 F.3d 238, 244 (6th Cir. 2004); *see also Killian v. Yorozu Automotive Tennessee, Inc.*, 454 F.3d 549, 556-57 (6th Cir. 2006). In this case, Brown alleges discrimination and retaliation for taking FMLA leave.[1]

### A. *Prima Facie* Case

Retaliation claims arise under 29 U.S.C. § 2615(a)(2), which prohibits employers from discharging or discriminating against employees who oppose unlawful FMLA practices. *See Hogue*, *supra*, 384 F.3d at 244. Absent direct evidence that an employee was discharged for taking FMLA-qualified leave, the *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), burden-shifting analysis is used. *Bryson v. Regis Corp.*, 498 F.3d 561, 570 (6th Cir. 2007); *Skrjanc v. Great Lakes Power Service Company*, 272 F.3d 309, 315 (6th Cir.2001).

---

[1]

In plaintiff's opposition to defendant's motion for summary judgment, she claims a violation of her entitlement to FMLA leave. I agree with defendant that this entitlement claim, not raised in her complaint, is untimely. However, I do not consider plaintiff's discrimination claim abandoned and will adjudicate the merits of defendant's motion for summary judgement.

6

A plaintiff can establish a *prima facie* case of retaliation by showing that 1) she engaged in an activity protected by the FMLA; 2) the employer knew that she was exercising her rights under the FMLA; 3) after learning of the employee's exercise of FMLA rights, the employer took an employment action adverse to her; and 4) a causal connection exists between the protected FMLA activity and the adverse employment action. *Killian*, *supra*, 454 F.3d at 556. The burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Skrjanc*, *supra*, 272 F.3d at 315. If the employer does that, the plaintiff must prove, by a preponderance of the evidence, that the proffered reason is pretextual. *Id.*

Brown cannot satisfy the second prong of the *prima facie* case. Plaintiff must show that HCF knew she was exercising her FMLA rights. She claims she did not know she was scheduled to work on March 23 and was continuing to care for her father. Although Brown now alleges her absence was for protected activity, she failed to properly seek FMLA leave. Brown admits she did not give HCF notice that her March 23 absence was FMLA related. Moreover, in her first three communications with HCF employees about the absence, Brown made no mention of FMLA leave. *See Brohm v. JH Props., Inc.*, 149 F.3d 517, 523, (6th Cir. 1998) (to invoke protection of the FMLA, employee must provide notice and a reason for requesting leave).

Brown failed to perform her obligation under the FMLA to notify her employer she would be taking FMLA leave. Accordingly, she cannot meet the second prong of her FMLA claim. *See Walton v. Ford Motor Co.*, 424 F.3d 481, 486 (6th Cir. 2005) (affirming summary judgment where employee failed to provide notice to employer that FMLA leave might apply).

Additionally, even if Brown was able to satisfy the first three prongs, she cannot satisfy the fourth because there is no causal connection between the protected activity and her termination. The

record shows, and Brown admits, that HCF routinely granted FMLA leave to her and other HCF employees without adverse consequences.

An employer's prior approval of FMLA leave and its granting of requests for FMLA leave to employees has been found to rebut the allegation that a causal connection exists between a plaintiff's discharge and her FMLA leave request. *See Chidebe v. MCI Telecomms. Corp*., 19 F. Supp. 2d 444, 448 (D. Md. 1998), *aff'd,* 163 F.3d 598 (4th Cir. 1998) (unpublished decision). In any event, Brown did not supply HCF with notice that her failure to work March 23 was due to FMLA leave. Brown's failure to provide notice is sufficient to show that no causal connection exists.

The record contains no evidence establishing a causal connection between Brown's medical leave and her termination. Instead, it reveals HCF terminated her because she was absent on a scheduled work date. Brown has not alleged facts that establish a *prima facie* case of retaliation.

### B. Legitimate, Non-Discriminatory Reason for Termination

Even if Brown established an FLMA retaliation claim, HCF has offered a valid, non-discriminatory reason for termination. Once a plaintiff proves a *prima facie* case, an employer may rebut the presumption of impermissible action by introducing evidence of legitimate, non-discriminatory reasons for its actions.  *McDonnell Douglas*, *supra*, 411 U.S. at 802-04. Brown's absences and accumulation of disciplinary points made her subject to termination under HCF's policies. Accordingly, HCF has a legitimate, non-discriminatory reason for termination.

### C. Pretext

To establish the proffered legitimate reason was actually a "pretext to mask discrimination." *Skrjanc*, *supra*, 272 F.3d at 315, Brown must show that HCF intentionally discriminated against her. She can establish this by showing either: 1) the proffered reasons had no basis in fact; 2) they did

not actually motivate the discharge; or 3) they were insufficient to motivate discharge. *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994) (citation omitted).

Brown was terminated after she accumulated her fourth disciplinary point, after her no call/no show absence on March 23. Brown offers no evidence that her absence and disciplinary points did not motivate the discharge. Instead, she does not dispute the testimony of co-workers who believed she was scheduled to work and admits she did not call off her shift. Brown's absences and accumulation of disciplinary points provides sufficient factual basis to motivate her discharge.

Further, Brown cannot establish a pretext claim because her testimony and the record contradict such a claim. Brown admits that HCF always granted FMLA leave to her and other employees indicating that, if she had properly requested a leave day on March 23, it would have been granted. She also admits that her termination took place only after she violated HCF's attendance policies.

Brown alleges HCF did not notify her that she was scheduled to work on March 23; However, the record shows that Brown sent a text message to her co-worker stating she would not be working her shift on that day, and later stated on the record that she had forgotten to work her shift. In any event, absent a showing of a custom and practice to the contrary, it was Brown's duty to know when she was scheduled to work.

Brown fails to show that the reasons for which HCF dismissed her are pretextual. Accordingly, Brown does not satisfy the requirements to present an FMLA retaliation claim against HCF.

### Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT:

Defendant's motion for summary judgment [Doc. 18] be, and the same hereby is, granted.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
